UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLA M. KENNEDY, | ) | |
| MINNIE HOLLEY, | ) | |
| PATRICIA OUSLEY, | ) | No. 06 C 4914 |
| ELITHA BROWN, | ) | |
| TAMMY JOHNSON, | ) | Judge John W. Darrah |
| LAURA DANIELS, | ) | |
| LUIS GONZALEZ, | ) | |
| TERRANCE FOWLER, | ) | |
| DANIEL HUDSON and | ) | |
| EDDIE JENKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO and JODY WEIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought suit against the City of Chicago and Jody Weis, the Superintendent of

the Chicago Police Department, seeking damages and restitution. Currently before the court is

Plaintiffs' renewed motion for class certification.

## BACKGROUND

Plaintiffs are individuals who were arrested for non-narcotics offenses and had their

money taken and inventoried by the Chicago Police Department ("CPD"). Plaintiffs allege that,

although they were issued receipts for the money, the CPD failed to provide information with

respect to how Plaintiffs could reclaim their money. Plaintiffs claim that in order to regain

possession of their money, they were required to either obtain a court order or go through the

burdensome procedure of submitting a CPD "Form 54," which requires obtaining the signature

of the arresting officer. Plaintiffs claim that, as a result of this policy, the CPD is currently

holding a large amount of money that is being held from the rightful owners – Plaintiffs and

other members of the proposed classes.[1]

Plaintiffs proceed on two theories of recovery. First, Plaintiffs allege that the CPD's

practice of issuing receipts without adequate instruction on how to reclaim the money violates

due process. Second, Plaintiffs seek restitution from the CPD on the theory that the CPD

unjustly continues to hold money that belongs to Plaintiffs and others from whom money was

taken. Thus, Plaintiffs seek to certify two classes, the "Due Process Class" and the "Restitution

Class." Plaintiffs' proposed Due Process Class consists of:

> "All persons from whom cash was seized by a Chicago Police Officer between
> **December 13, 2004**, and the present, provided that: (a) the person was issued an
> inventory receipt marked as 'Hold for evidence and/or investigation' and (b) the
> inventory receipt was not marked as narcotics related."

Plaintiffs' proposed Restitution Class consists of:

> "All persons from whom cash was seized by a Chicago Police Officer between
> **September 11, 2001**, and the present, provided that: (a) the person was issued an
> inventory receipt marked as 'Hold for evidence and/or investigation' and (b) the
> inventory receipt was not marked as narcotics related."

The proposed Restitution Class would be represented by Plaintiffs Luis Gonzalez and

Eddie Jenkins. Gonzalez and Jenkins, as well as Plaintiff Terrance Fowler, would represent the

Due Process Class.

---

[1]Plaintiffs filed their initial Complaint in September 2006 and filed a First Amended
Complaint in March 2007. On December 18, 2007, the Court granted in part and denied in part
Defendants' Motion to Dismiss. In February 2008, Plaintiffs filed a Second Amended
Complaint, proposing the two classes Plaintiffs now seek to certify. A more detailed account of
the alleged facts and issues involved in this case can be found in the Court's December 18, 2007
Memorandum Opinion and Order regarding Defendants' Motion to Dismiss. *Kennedy v. City of
Chicago*, 2007 WL 4553040 (N.D. Ill. 2007).

## LEGAL STANDARD

"The Federal Rules of Civil Procedure provide the federal district court with broad

discretion to determine whether certification of a class-action lawsuit is appropriate." *Keele v.*

*Wexler*, 149 F.3d 589, 592 (7th Cir. 1998) (*Keele*). In determining whether the class-action

requirements are met, "a judge should make whatever factual and legal inquiries are necessary

under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (*Szabo*).

The party seeking class certification has the burden of demonstrating certification is appropriate.

*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993) (*Retired*

*Chicago Police Ass'n*).

To obtain class certification, Plaintiffs must demonstrate that the proposed classes satisfy

all four elements of Federal Rule of Civil Procedure 23(a), which include: (1) numerosity,

(2) commonality, (3) typicality, and (4) adequacy of representation. The defense classes must

also satisfy at least one of the three provisions under Federal Rule of Civil Procedure 23(b).

Here, Plaintiffs seek certification under 23(b)(3).[2] A class should be certified under

Rule 23(b)(3) only if the Court finds that the questions of law or fact common to the members of

the class predominate over any questions affecting only individual members and that a class

action is superior to other available methods for the fair and efficient adjudication of the

controversy. *Szabo*, 249 F.3d at 676.

---

[2]Plaintiffs originally also sought class certification under Rule 23(b)(2). However, because Plaintiffs no longer seek injunctive or declaratory relief, only Rule 23(b)(3) remains relevant.

## ANALYSIS

Defendants argue that several modifications are required to Plaintiffs' proposed class definitions if the classes are to be certified. With respect to the proposed Due Process Class, Defendants argue that: (1) the money must have been seized in connection with an arrest; (2) the arrestees must be the owners of the seized money; (3) the arrestees' criminal charges must have been resolved; (4) no forfeiture action can have commenced, and time for filing such an action must have expired; (5) the class should exclude arrestees who were given notice to reclaim the inventory, arrestees who were given a post-arrest hearing and arrestees whose money was either inventoried in its original form as evidence in a criminal investigation or previously returned to the arrestee; and (6) the class should be divided into narcotics and non-narcotics subclasses. With respect to the Restitution Class, Defendants argue that: (1) the arrestees must be the owners of the seized money; (2) the arrestees' criminal charges must have been resolved; (3) the arrestees' must have suffered a detriment from CPD's retention of the money; and (4) the arrestees cannot have received the money or an offer to return the money from the CPD.

Defendants' first suggested modification is that the class definitions should include a requirement that class members must have been arrested by the CPD at the time the money was seized. Indeed, in both counts seeking class certification, Plaintiffs claim to represent "a class of persons who were arrested . . . ." Plaintiffs agree that "most, probably all, of the class members were arrested when their cash was seized and inventoried." Yet, Plaintiffs argue that being arrested is not an element of the restitution or due-process claims and that, therefore, arrest at the time the seizure took place should not be a criterion for class membership. However, individuals whose money was seized during an arrest make up the bulk of Plaintiffs' proposed class; the case

4

of an individual who had his money seized by the CPD in circumstances other than those of arrest would present significantly different legal issues. Therefore, the class should be limited to those individuals whose money has been seized in connection with an arrest.

Defendants next argue that the class definitions should be amended to require that the arrestee be the owner of the seized money. In support of this argument, Defendants simply state that it "is axiomatic that an arrestee is not entitled to the return of money which is not rightfully his." Plaintiffs seek restitution of possession of the money improperly retained. The Due Process Class seeks damages, not return of the seized money. An individual could suffer damages as the result of a seizure by the CPD without adequate notice as to how to recover the seized money, even if the money was not owned by the arrestee. If the arrestee possessed the money contrary to a claim by someone other than the City of Chicago, only that person would have a cause of action for its return. Therefore, neither the proposed Restitution Class nor the Due Process Class definitions must be modified to reflect Defendants' objection.

The parties next dispute whether criminal charges may still be pending against an arrestee who is included in either of the two proposed classes. Defendants argue that an arrestee from whom money has been seized is not entitled to return of the money until any criminal proceedings against the arrestee have been resolved. Defendants assert that money held under the "Hold for investigation and/or evidence" could be used by the prosecution as evidence at trial or could be classified as derivative contraband. Plaintiffs respond that, following the decision of the Seventh Circuit in *Smith v. City of Chicago*, 524 F.3d 834 (7th Cir. 2008) (*Smith*), "the City must provide a prompt post-seizure hearing that precedes the forfeiture or criminal trial" and, thus, the termination of criminal proceedings is irrelevant to whether the arrestee is entitled to

5

return of the money. Defendants reply that *Smith* dealt only with narcotics-related seizures under the Illinois Drug Asset Forfeiture Procedure Act ("DAFPA") and that its holding is, therefore, not relevant to this case, which stems from non-narcotics-related arrests.

Defendants are correct that *Smith* is not directly on point in that it deals with seizures under the DAFPA. However, the holding of *Smith*, by analogy, could support an argument that due process requires some type of hearing before the conclusion of criminal proceedings. But these arguments are beside the point; Plaintiffs seek damages, not injunctive or declaratory relief. Therefore, the question is whether a class of arrestees seeking damages for seized money can be certified if it contains individuals whose criminal proceedings are still ongoing.

Considering Rule 23, this question must be answered in the negative. A class may only be certified under Rule 23(b) if questions of law or fact common to the members of the class predominate over any questions affecting only individual members. If the class included members whose criminal proceedings had not yet been resolved, the litigation would be dominated by legal and factual questions unique to each such class member. Whether an arrestee was entitled to return of the seized money or had suffered damages as a result of the CPD's policies would depend on whether the seized money might still be used as evidence or was still subject to forfeiture proceedings. These determinations would be unique to each case and could not be resolved on a class-wide basis.

Plaintiffs argue that Defendants have admitted that the money seized from all arrestees who were issued a "Hold for investigation and/or evidence" receipt was deposited into a bank account and is never then used as evidence at trial. This is not quite correct. While Defendants admit that money deposited into bank accounts is not thereafter used as evidence, Defendants

6

have not admitted that all money seized upon the issuance of a "Hold for investigation and/or evidence" receipt is deposited in a bank account. In fact, they claim that some of the money not deposited could be used as evidence at trial. Thus, there would remain questions specific to individual class members regarding whether the prosecution still needed the seized money as evidence.

Therefore, both classes will be restricted to arrestees whose criminal proceedings have been resolved. For the same reasons, both classes will be restricted to those arrestees whose seized money is no longer subject to forfeiture proceedings.

Defendants argue that both classes should exclude those arrestees whose money was inventoried in its original form as evidence in any criminal investigation. Plaintiffs agree but assert that both classes are already so limited by inclusion of the requirement that the arrestee was issued a "Hold for investigation and/or evidence" receipt. Plaintiffs take the position that the two groups are exclusive of each other: if a "Hold for investigation and/or evidence" receipt was issued, the money was not held in its original form as evidence in a criminal investigation. However, this contention is denied by Defendants, and, as noted above, the admissions cited by Plaintiffs in support of this contention do not sufficiently support Plaintiff's argument. Thus, the class definitions should include the requirement that the money was not inventoried in its original form as evidence in any criminal investigation.

Defendants' remaining proposed modifications of the proposed Due Process Class – that the class should exclude arrestees who were given notice to reclaim the inventory, arrestees who were given a post-arrest hearing and arrestees whose money was previously returned to the arrestee – are not necessary. What notice or post-arrest hearing was required can be addressed on

a class-wide basis. Any money that was returned by the CPD can be effectively addressed on a individual basis during the litigation.

Defendants also argue that the Due Process Class should be divided into narcotics and non-narcotics subclasses. Because Plaintiffs limit both classes to non-narcotics-related seizures, the division is not necessary.

Defendants argue that the Restitution Class definition should include the requirement that the arrestee suffered a detriment from the CPD's retention of the money. Including this element is not necessary, however, as anyone who has had money held by the CPD longer than the CPD is entitled to hold it has suffered a detriment.

Finally Defendants argue that the Restitution Class definitions should be modified so that the arrestee cannot have received the money or an offer to return the money from the CPD. This modification is not necessary. Any return of money made by the CPD to class members can be addressed on an individual basis at a later time.

Thus, as modified, the proposed class definitions would read as follows. The proposed Due Process Class includes:

> All persons from whom money was seized in connection with their arrest by a Chicago Police Officer between December 13, 2004, and the present, provided that: (a) the person was issued an inventory receipt marked as "Hold for evidence and/or investigation" and not marked "Hold in Original Form"; (b) the inventory receipt was not marked as "narcotics related"; (c) their criminal charges have been resolved; and (d) no forfeiture action was commenced against the money, and the time for filing such an action has expired.

The modified proposed Restitution Class includes:

> All persons from whom money was seized in connection with their arrest by a Chicago Police Officer between September 11, 2001, and the present, provided that: (a) the person was issued an inventory receipt marked as "Hold for evidence and/or investigation" and not marked "Hold in Original Form"; (b) the inventory receipt was not marked as "narcotics related"; (c) their criminal charges have been resolved; and (d) no forfeiture action was commenced against the money, and the time for filing such an action has expired.

Even after the above modifications, Defendants argue that the proposed classes still do not qualify for certification under Rule 23. Defendants argue that the class should not be certified because individual issues predominate and because the named Plaintiffs are not proper class representatives.

Defendants argue that individual determination of whether, at the conclusion of the criminal proceedings, the seized money constitutes derivative contraband would predominate over issues common to all class members. Plaintiffs respond that because they have excluded narcotics-related arrests from the class, the probability of forfeiture is small. Plaintiffs' argument is persuasive. Because narcotics-related offenses have been excluded from the class, the vast majority of the money seized is very likely to be simply money the arrestee was carrying at the time of arrest, rather than narcotics-related derivative contraband. While there may be exceptions, they are likely to be few enough that individual issues do not predominate.

### Numerosity and Commonality

Defendants do not dispute that the classes are sufficiently numerous to be certified. Nor do they dispute that there are issues of law or fact common to the class. Both of these requirements are clearly met for both the Due Process and Restitution Classes.

9

*Typicality*

The focus of the typicality requirement is whether "the named representatives' claims have the same essential characteristics as the claims of the class at large." *Retired Chicago Police Ass'n*, 7 F.3d at 597. Defendants raise two objections on this point. First, Defendants argue that Gonzalez fails to meet this criterion because he was tendered restitution on April 11, 2007, thereby obtaining all relief sought by the Restitution Class.[3] Thus, Defendants argue, Gonzalez lacks a "personal stake" in the litigation. Second, Defendants argue that Jenkins' criminal charges have not yet been resolved and that, therefore, he is not a member of either proposed class.

The satisfaction of a named plaintiffs' claim "does not moot the action so long as the case has been certified as a class action . . . or . . . so long as a motion for class certification has been made and not ruled on . . . ." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-7 (7th Cir. 2003) (*Primax*) (citing *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir.1978). "Otherwise the defendant could delay the action indefinitely by paying off each class representative in succession." *Primax*, 324 F.3d at 547. Here, Plaintiffs filed their first motion for class certification on September 13, 2006, before Defendants tendered restitution to Gonzalez. Defendants argue that Plaintiffs' first motion for class certification was not "viable"

---

[3]For the same reason, Defendants also argue that Gonzalez is not an adequate representative of the Restitution Class.

and thus did not close the window for tendering restitution to the named Plaintiffs. However, any defects in Plaintiffs' first motion are beside the point. The purpose of the rule is to prevent delay in the compensation of putative class members caused by defendants satisfying the claims of only the class representatives. Defendants' argument would frustrate this purpose and is not persuasive.

With respect to Jenkins, Plaintiffs do not dispute that criminal charges are still pending against him. As modified, both class definitions require that the charges against the arrestee have been resolved. Thus, Jenkins is not a member of either the Due Process Class or the Restitution Class. He is, therefore, not typical of either class. *See Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). However, Gonzalez and Fowler are each typical of the Due Process Class and Gonzalez is also typical of the Restitution Class.

### *Adequacy*

A finding of adequacy under Rule 23(a)(4) requires that the named plaintiffs have "a sufficient interest in the outcome to ensure vigorous advocacy while having no interest antagonistic to the interests of the class" and be represented by competent counsel. *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). Here, Defendants have not challenged the competence of Plaintiffs' counsel; nor, apart from the above mentioned challenge to Gonzalez, do they challenge Plaintiffs' interest in vigorously pursuing the suit. Rather, Defendants argue that Plaintiffs Fowler, Jenkins and Gonzalez lack sufficient knowledge of the litigation to qualify as adequate representatives.

11

In support of their position, Defendants cite several cases from other circuits in which such lack of understanding has been used to defeat certification on the grounds that such Plaintiffs cannot adequately represent the class. Defendants then note Plaintiffs' unfamiliarity with the facts of this case, their reliance on their attorneys and their lack of understanding of the procedural rules governing class actions. As Plaintiffs point out, however, Defendants' argument is contrary to the law in the Seventh Circuit, which does not bar unsophisticated plaintiffs from acting as class representatives. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 896 (1981) (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966)); *Johnson v. Midland Careers Institute, Inc.*, 1993 WL 420954 at *5 (N.D. Ill. 1993). Thus, Defendants' claims that Plaintiffs are insufficiently familiar with the case do not defeat a finding of adequacy.

Therefore, for the reasons stated above, Gonzalez and Fowler, with respect to the Due Process Class, and Gonzalez, with respect to the Restitution Class, satisfy the requirements of Rule 23(a). Also, adopting the modifications suggested by Defendants, both classes meet the requirements of Rule 23(b)(3) in that questions common to all class members predominate over questions affecting only individual class members and the class action is the superior method for fairly and effectively adjudicating the controversy.

## CONCLUSION

Therefore, for the reasons stated above, the following classes are certified:

(1) The Restitution Class:

All persons from whom money was seized in connection with their arrest by a Chicago Police Officer between September 11, 2001, and the present, provided that: (a) the person was issued an inventory receipt marked as "Hold for evidence and/or investigation" and not marked "Hold in Original Form"; (b) the inventory receipt was not marked as "narcotics related"; (c) their criminal charges have been resolved; and (d) no forfeiture action was commenced against the money, and the time for filing such an action has expired.

(2) The Due Process Class:

All persons from whom money was seized in connection with their arrest by a Chicago Police Officer between December 13, 2004, and the present, provided that: (a) the person was issued an inventory receipt marked as "Hold for evidence and/or investigation" and not marked "Hold in Original Form"; (b) the inventory receipt was not marked as "narcotics related"; (c) their criminal charges have been resolved; and (d) no forfeiture action was commenced against the money, and the time for filing such an action has expired.

Dated: 7-10-08

JOHN W. DARRAH
United States District Court Judge