

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLA M. KENNEDY, MINNIE HOLLEY, PATRICIA OUSLEY, ELITHA BROWN, TAMMY JOHNSON, LAURA DANIELS, LUIS GONZALEZ, AND TERRANCE FOWLER, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, PHILIP CLINE, SUPERINTENDENT OF POLICE, AND S. APONTE, STAR #13876, A. SILVA, STAR # 10522, J. WOODS, STAR # 8990, AND P. POWERS, STAR # 7923, <br><br> Defendants. | No. 06 C 4914 <br><br> Judge John W. Darrah |

## FINAL JUDGMENT AND ORDER

Plaintiffs Luis Gonzalez and Eddie Jenkins (collectively, "Plaintiffs"), having filed a Joint Motion for Final Approval of Class Action Settlement (the "Motion") and supporting documents and affidavits, seeking an order granting final approval of the proposed settlement of the Litigation (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") (Dkt. No. 251-1), entered into by the Parties and preliminarily approved by the Court on August 25, 2010 (Dkt. No. 254); and

Due and adequate notice having been given to the Class; and

The Court being fully advised in the Premises; and

After review and consideration of the Stipulation, the Motion and supporting documents and affidavits including Affidavit of the Claims Administrator (the "FCI Affidavit") and the Affidavit of Class Counsel all other pleadings filed with the Court and the Exhibits attached and

having reviewed the entire record in the Litigation and good cause appearing, after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Final Judgment and Order (the "Order"), adopts the defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, the Class Members, and the Defendants.

3. The Court finds that the distribution of the Notice and Proof of Claim form, and publication of the Summary Notice of Proposed Class Action Settlement, as provided for in the Preliminary Approval Order and Agreed Order Modifying Preliminary Approval Order constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Class Members with an opportunity to present their objections, if any, to the Settlement. The Court finds that the provision of notice to the Class Members fully met the requirements of FED. R. CIV. P. 23, the Due Process Clause of the U.S. Constitution, and any other applicable law.

4. The Court finds that all Persons within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Class by executing and returning a "Request for Exclusion" in conformance with the terms of the Stipulation.

5. The Court provides final approval of the Class previously certified pursuant to FED. R. CIV. P. 23(b)(3) and approved by the Court in its Order entered November 18, 2009 consisting of:

2

All persons from whom money was seized in connection with their arrest by a Chicago Police Officer and who were subsequently charged with a criminal offense between September 11, 2001 and October 16, 2009, provided that:

    a. the person was issued an inventory receipt marked as "Hold for investigation and/or evidence" and not marked "Hold in Original Form";

    b. the inventory receipt was not marked as "narcotics related";

    c. their criminal charges have been resolved;

    d. no forfeiture action was commenced against the money, and the time for such an action has expired.

Pursuant to FED. R. CIV. P. 23(b)(3), Luis Gonzalez and Eddie Jenkins are approved as Class Representatives.

6. With respect to the Class, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(b)(3) are satisfied as:

    a. the Class Members are so numerous that joinder of all Class Members in the litigation is impracticable;

    b. there are questions of law and fact common to the Class that predominate over any individual questions;

    c. the claims of the Class Representatives are typical of the claims of the Class;

    d. the Class Representatives and their counsel have fairly and adequately represented and protected the interests of all the Class Members; and

    e. a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:

        (i) the interests of the Class Members in individually controlling the prosecution of the separate actions,

        (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members,

        (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and

        (iv)    the difficulties likely to be encountered in the management of the Litigation.

7. The Court hereby de-certifies all other classes certified in the Litigation, other than the Class defined in the Stipulation and herein.

8. After hearing, and based upon the submissions of the Parties before and at the hearing, the Motion is granted. This Court approves the Settlement as set for in the Stipulation, each of the releases, and other terms as fair, reasonable, adequate and in the best interests of the Settlement Class. The Parties to the Stipulation are therefore directed to consummate and perform its terms. In addition, the Court finds as follows:

    a.    The settlement recovery is commensurate with, if not more so, than the strength of the Class's claims.

    b.    Further litigation of the Class Members' claims would be complex (dispositive motion practice, expert practice, trial, determining which Class Members could actually recover), lengthy (at least two years), and expensive, and not at all certain to yield a positive result for the Class.

    c.    There is no indication of any collusion between Class Counsel and the Class Representatives, on the one hand, and Defendants, on the other. This matter has been vigorously and ably litigated by both sides.

    d.    Class Counsel, experienced class action attorneys in this niche of the law, have expressed the view that the settlement terms are fair.

    e.    The Class Members, who received appropriate notice, have supported the Settlement. No Class Members has objected to the Settlement.

    f.    The stage of proceedings is highly appropriate for a class settlement - the parties have taken extensive discovery and litigated summary judgment issues, and thus have a good sense of the value of the case.

    g.    The attorney fee award in the amount of $900,000.00 of the Settlement Fund is reasonable. The award is in line with contingent fee awards in similar class action litigation. As noted above, class counsel litigated this matter ably and obtained an excellent result for the class. Finally, the fee award does not diminish the recovery of any Class Member.

9. To consummate the terms of the Stipulation, the Court hereby authorizes and directs the Defendants to make the following payments from the Settlement Fund in accordance with the timing set forth below:

| **Payee** | **Amount** | **Purpose** | **Date** |
|---|---|---|---|
| Law Offices of Kevin Peters, 53 W. Jackson, Suite 1615, Chicago, Ill. 60604 ( for fees and expenses) | $900,000.00 | Class Counsel Attorneys' Fees | Within 3 business days of entry of the Final Judgment and Order |
|  | $93,516.81 | Administrative Expenses | 31 days after entry of the Final Judgment and Order |
| Luis Gonzalez | $1,000.00 | Incentive Payment | 31 days after entry of the Final Judgment and Order |
| Eddie Jenkins | $1,000.00 | Incentive Payment | 31 days after entry of the Final Judgment and Order |
| Terrance Fowler | $1,000.00 | Payment for Release of Individual Claims | 31 days after entry of the Final Judgment and Order |
| Claimants | $278,424.54 (to be distributed by FCI) | Settlement for filing valid and timely Proof of Claim based on amount of Inventoried Money | 31 days after entry of the Final Judgment and Order (to be distributed by FCI) |

5

| **Payee** | **Amount** | **Purpose** | **Date** |
|---|---|---|---|
| Gates Excluded Claims Holdback | $879,171.42 | Remain in Settlement Fund with Defendants' Counsel pending disposition in Court in Gates v. City of Chicago, 04 CV 2155 | 31 days after the entry of the Final Judgment and Order |
| Unclaimed funds subject to distribution under the UDUPA pursuant to Court's order of March, 7, 2011. | $870,321.76 | Transfer per court order | 31 days after the entry of the Final Judgment and Order, unless an appeal is filed |

10. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement, the Gates Excluded Claims, and Pensioner Plaintiffs, the Litigation, including the Complaint, the Amended Complaint, and the Second Amended Complaint, and all claims contained therein are hereby dismissed with prejudice as to Plaintiffs and other Class Members. The Parties are to bear their own costs, except as provided in the Stipulation and herein. By operation of the Final Judgment and Order, and under the terms of the Stipulation and releases therein, it is intended to preclude, and shall preclude, Plaintiffs and all Class Members from filing or pursuing any Settled Claims under federal law or the law of any state against the Released Parties. Per the Stipulation, Settled Claims expressly excludes Gates Excluded Claims and the claims of the Pensioner Plaintiffs, and are not released by operation of the Settlement or this Final Judgment. Plaintiffs and the Class Members are deemed to have, and by operation of the Final Judgment and Order shall have fully, finally, and forever released, relinquished and discharged all Settled Claims against each and all of the Released Parties, whether or not such member of the Class executed or timely delivered the Proof of Claim.

11. All Class Members are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Settled Claims.

12. Only those Class Members who have filed valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim and Release executed by the Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall be bound by the releases whether or not they submit a valid and timely Proof of Claim.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Defendants; or (ii) shall be offered in evidence by any Party for any purpose except as provided for in this paragraph. The Released Parties may file the Stipulation and/or the Final Judgment and Order in any other action that may be brought against them in order to support a defense based upon principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion or similar defense. The Parties may file the Stipulation in any proceeding brought to enforce any of the terms or provisions of the Stipulation.

14. Only those Persons who meet the definition of the Class identified on Exhibit 1 hereto as having validly filed Requests for Exclusion from the Settlement shall not be bound by this Final Judgment and Order.

15. Any order, or any objection to or appeal from any order approving Class Counsel's Attorney's Fees, incentive payments to Plaintiffs, or the disposition of the unclaimed

7

Settlement Funds, shall in no way disturb or affect this Judgment and shall be considered separate from this Order.

16. Neither this Order, the Settlement or Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants or any other Person of any liability or wrongdoing by them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, or any other person, has suffered any damage, that Defendants' defenses lack merit, or that Plaintiffs and the Class could have recovered the Settlement Fund amount, or any amount, had this Litigation been tired; nor shall they be construed as, or deemed to be evidence of, an admission or concession by Plaintiffs or any members of the Class that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

17. The Court finds that the amount paid and other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, and is fair, reasonable and adequate and in the best interests of the Class.

18. It is expressly determined, within the meaning of FED. R. CIV. P. 54(b), that there is no just reason for delay and the entry of this Judgment is hereby expressly directed.

By the Court:

_____
United States District Court Judge

Dated: March 8, 2011

1175998_2

# EXHIBIT 1



Please click on a folder name below to list the files available for download in that folder. Then, click on a file name to open or download to your computer. Please note that to open a file in your browser, your need the appropriate browser plug-in for that type of file to be installed on your computer. To go back to the top level (upload folder), click on the "Top" button at right.

[ Top ]

Exclusions
Question Claims

[ < Back ]

[ Exit ]

| GROUP1 | CONTROL | INVNTRYNUM | AMOUNT | NAME | EXCLUSION FORM |
|---|---|---|---|---|---|
| EXC-10/28/10_ | 0638 | 10581801 | $14.00 | CHAN, KAR CHING | ChanKC |
| EXC-11/06/10_ | 0721 | 10121774 | $435.00 | DAVIS, KEYOND | DavisK |
| EXC-10/02/10_ | 0208 | 10513032 | $150.00 | FOX, DOMINIC | FoxD |
| U-10/12/10_EXC-11/06/10_ | 0733 | 11060647 | $17.00 | FULLER, DAVID | FullerD |
| EXC-09/29/10_ | 0110 | 11739424 | $23.00 | GLASPER, JARVIS | GlasperJ |
| U-10/19/10_EXC-11/18/10_ | 1003 | 10605005 | $256.00 | JAJI, EASHO | JajiE |
| U-10/19/10_EXC-11/18/10_ | 1019 | 10605014 | $57.00 | JAJI, EASHO | JajiE |
| U-10/04/10_EXC-11/06/10_ | 0739 | 11265014 | $13.00 | JOHNSON, CAROL | JohnsonC |
| EXC-11/16/10_ | 0933 | 10722476 | $220.00 | KANESKI, SNUH | KaneskiS |
| EXC-10/12/10_ | 0396 | 10311644 | $20.00 | LACHOWICZ, THEODORE | LachowiczT |
| EXC-10/05/10_ | 0210, 0215 | 11615975 | $150.00 | LEA, RONALD | LeaR |
| EXC-09/27/20_ | 0109 | 11274698 | $63.00 | MARTIN, JOHN | MartinJ |
| EXC-10/25/10_ | 0606 | 11754430 | $7.00 | MCQUEEN, GERALD | McQueenG |
| EXC-11/16/10_ | 0934 | 10844859 | $786.00 | MOORE, KEVIN | MooreK |
| EXC-10/14/10_ | 0456 | 10040221 | $88.00 | PEREZ, CAMACHO | PerezC |
| EXC-11/24/10_EXC-11/24/10_ | 1128, 1132 | 10127753 | $260.00 | RANDLE, VINCENT | RandleV |
| EXC-11/24/10_EXC-11/24/10_ | 1131, 1129 | 10885649 | $20.00 | RANDLE, VINCENT | RandleV |
| EXC-09/27/20_ | 0107 | 10521564 | $150.00 | ROLDAN, JUAN | RoldanJ |
| EXC-10/02/10_ | 0207 | 11697727 | $46.00 | TRIPLETT, DARNELL | TriplettD |
| EXC-12/07/10_ | 1285 | 11073379 | $20.00 | UNDERWOOD, JAHLON | UnderwoodJ |
| EXC-10/02/10_ | 0176 | 11476192 | $160.00 | VECCHIO, DANIEL | VecchioD |
| TOTAL AMOUNT | | | $2,955.00 | | |

(c) Midwest Software Technologies, Inc.

User: Kevin Peters   Design by Zamolxis