Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4914 | **DATE** | 03/4/11 |
| **CASE TITLE** | Kennedy et al. v. City of Chicago et al. | | |

### DOCKET ENTRY TEXT

Plaintiffs' Motion to Set Aside Unclaimed Settlement Funds for Transfer to the Illinois State Pension Fund [258] is granted.

■[ For further details see text below.]

Docketing to mail notices.

---

### STATEMENT

Plaintiffs brought a class-action suit, alleging that the City of Chicago's procedures as to the retention of funds seized from arrestees violated the due process rights of those arrestees. The parties have reached a class settlement agreement. The one dispute remaining is the proper disposition of unclaimed settlement funds. Before the Court is Plaintiffs' Motion to Set Aside Unclaimed Settlement Funds for Transfer to the Illinois State Pension Fund. Defendants oppose the motion, asserting that the City should retain possession.

Plaintiffs argue that under the Uniform Distribution of Unclaimed Property Act ("UDUPA"), 765 ILCS 1025/1, et seq., unclaimed funds are presumed to be abandoned and should be delivered to the State Treasurer for deposit in the state pension plan. With respect to funds held by public entities, the UDUPA provides:

> All funds and intangible personal property held for the owner by any court, public authority, or public officer of this State, or a political subdivision thereof, that has remained unclaimed by the owner for more than 7 years is presumed abandoned.

765 ILCS 1025/8. Under the plain language of the statute, funds seized from class members and held by the City that are not claimed by the owner fall within the scope of the UDUPA.

The City argues that it has an equitable interest in the unclaimed funds. However, the City does not define the exact nature of that interest. The City argues further it should retain unclaimed funds because the purpose of Section 1983 is not punitive. The City cites *Wilson v. Southwest Airlines*, 880 F.2d 807 (5th Cir. 1989) (*Wilson*), for the position that a court may award unclaimed settlement funds to a class-action defendant, depending in part on whether the class members have been fully compensated and the behavior of the defendant during the litigation. However, in *Wilson*, the settlement was funded by the defendant. Thus, when some funds went unclaimed, the defendant retained a clear interest in those funds. Here, however, the City is not itself funding the settlement. Rather, the settlement fund is comprised of money seized from class members. The City has no actual ownership interest in those funds. Thus, *Wilson* is not persuasive.

For the reasons stated above, the UDUPA controls the disposition of unclaimed funds. Plaintiffs' Motion to Set Aside Unclaimed Funds for Transfer to the Illinois State Pension Fund is Granted.