UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLA KENNEDY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO, et al., <br><br> Defendants. | No. 06 C 4914 <br><br> Magistrate Judge Mary M. Rowland |

### ORDER

On June 4, 2014, pro se Class Member Jermaine Walker filed a letter inquiry [346] requesting information about the terms of the parties' settlement agreement. On June 27, 2014, the parties filed a joint response [347] addressing each of Mr. Walker's issues. The Court further responds to each issue as follows:

**Walker Inquiry No. 1**: Did the Clerk "file-stamped" as received" my letter dated April 23, 2014, and why wasn't my last paragraph requests granted? The last paragraph of Mr. Walker's April 23, 2014 letter requested formal acknowledgment that his letter was received by the Court, along with documentation to file for a full reimbursement of his confiscated property, including awarded damages, fees, costs, interest and restitution of the inventoried funds.

Mr. Walker's April 23, 2014 letter was received by the Clerk on April 28, 2014, and added to the permanent case docket on May 1, 2014, as docket number 342. The parties responded to the letter on May 8, 2014 [639], and the Court issued an order granting Mr. Walker's requests in part on May 9, 2014 [640]. The Clerk was ordered to provide Mr. Walker with copies of the parties' response and the Court's order.

On May 7, 2014, the claims administrator mailed Mr. Walker a check in the amount of $71.00 comprising the full amount to which he was entitled under the Settlement. The settlement of this case did not involve the return of confiscated property or the payment of fees (other than what Class Counsel has already been paid), costs, or interest.

**Walker Inquiry Nos. 2 and 3**: Why didn't I receive a copy of filing notification, settlement notice, claim form, and address of claim administration? Why wasn't I properly notified by the Class Counsel about this Settlement Agreement until May 7, 2014, and if I didn't research or read the above case law and notify the Clerk about the status on April 23, 2014, my money and valuable property will be held captive in the State or City Pension Fund Account?

The Claims Administrator mailed a notice and claims form to each of the class members identified on the class list, as well as reminder postcards to class members on multiple occasions. Notice was also published on multiple occasions in multiple publications and on publicly available websites. Mr. Walker appears to have received notice as he submitted a claim form dated May 28, 2013.

**Walker Inquiry No. 4**: How did I receive a check No. 101004 for $71.00 dated May 7, 2014, from Class Counsel without even authorizing or endorsing my signature on claim form No. 1145?

The parties determined that Mr. Walker's April 23, 2014 letter, along with his prior claim dated May 18, 2013, were sufficient documentation to approve payment under the Settlement. The check was mailed to Mr. Walker by the Claim Administrator, not by Class Counsel.

**Walker Inquiry No. 5**: Can an attorney or government official forge or endorse my signature on claim form No. 1145?

The Court has no reason to believe that Mr. Walker's signature on claim form No. 1145 was forged or otherwise improperly endorsed. Indeed, the signature on the claim form appears to match Mr. Walker's signature on both his April 23, 2014 letter and his June 4, 2014 inquiry.

**Walker Inquiry No. 6**: How can the CPD take my currency, valuable jewelry and watch, Sanyo cellphone and wallet in 2006 without due process, and still not return my money and valuable property back to me 99 months later?

This case did not involve personal property or property transferred by the CPD to other law enforcement entities. The property receipt, which Mr. Walker included in his April 23, 2014 letter, indicates that his property was transferred to the Cook County Department of Corrections. Further, in signing the property receipt, Mr. Walker acknowledged his understanding that his property "<u>MUST BE CLAIMED AND REMOVED FROM THE JAIL'S TRUST PROPERTY SECTION WITHIN 120 DAYS OF TODAY'S DATE OR THESE ARTICLES WILL BE DESTROYED.</u>"

**Walker Inquiry Nos. 7 and 8**: Did my confiscated money accumulate interest money during my 8 years' incarceration, when it was sitting inside the City of Chicago's bank account/State Pension Fund Account? Can I please have all interest money gained in the City's and State's Pension Bank Accounts and reimbursed equal value for my confiscated valuable property?

The Settlement did not involve the payment of interest or the return of any personal property.

  The Clerk shall provide Mr. Walker with a copy of this Order, along with a copy of the parties' response, including all exhibits.

Dated: July 1, 2014              *Mary M Rowland*